**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY WAYNE JONES,                                                        PLAINTIFF
ADC #70147

v.                                        5:12CV00117-JLH-JTK

CURTIS MEINZER et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.    **Introduction**

Plaintiff Larry Wayne Jones is a state inmate incarcerated at the Varner Super Max Unit (VSM) of the Arkansas Department of Correction (ADC).  He filed this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983, alleging that the VSM grooming policy violates his First and Fourteenth Amendment rights, together with the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000 et seq (Doc. No. 7).  The Court previously granted Plaintiff's Motions to Dismiss Defendants Meinzer, Banks and May, and to dismiss the constitutional claims and claims for monetary relief (Doc. Nos. 24, 37).  The sole remaining claim is Plaintiff's claim for equitable relief under RLUIPA.

On October 18, 2013, and November 6, 2013, this Court issued an Order and Amended Order granting Defendants' Motion for Summary Judgment, and dismissing Plaintiff's Complaint (Doc. Nos. 92, 97).  This Court's decision was based on the decision of the United States Court of Appeals for the Eighth Circuit in <u>Holt v. Hobbs</u>, that the ADC grooming policy at issue did not

violate RLUIPA.  509 Fed. App'x 561 (8th Cir. 2013) (unpublished per curiam).[1]  Plaintiff Jones

then appealed to the Eighth Circuit, and the appeal was held in abeyance pending the United States

Supreme Court's review and decision of the appeal in the Holt case.  (Doc. No. 103)  The Supreme

Court ruled, on January 20, 2015, that the ADC grooming policy substantially burdened Holt's

exercise of religion, and violated RLUIPA.  135 S.Ct. 853 (January 20, 2015).

Following the Supreme Court's ruling in Holt, the Eighth Circuit granted appellees' motion

to supplement the record with a new ADC grooming policy, effective February 6, 2015, and denied

appellees' motion to dismiss Jones' appeal as moot.  Jones v. Meinzer, No. 13-3677 (July 28, 2015).

The court declined to reach the merits of the appeal and remanded to this court "to consider Jones's

complaint in light of the new grooming policy and the Supreme Court's decision in Holt."  Id.  The

court further directed this Court as follows: "(1) for consideration of whether Jones is entitled to

relief under Holt, (2) for a ruling on his request to amend his complaint to add new claims for

injunctive relief, and (3) for consideration of appellees' previously raised argument below that one

or more of Jones's existing claims for injunctive relief are barred under Heck v. Humphrey, 512 U.S.

477 (1994)."  Id.

This Court then directed the parties to file simultaneous briefs addressing the issues set forth

by the Eighth Circuit (Doc. No. 112).  The parties have submitted briefs (Doc. Nos. 113-116), and

Jones has filed a Motion to file a Second Amended Complaint to clarify his requests for injunctive

relief and to reinstate his First Amendment and damages claims against Defendants (Doc. No. 117).

Jones also filed a Motion for Preliminary Injunction, asking the Court to order Defendants not to

---

[1]At issue in Holt was whether the ADC grooming policy substantially burdened Holt's
exercise of religion by preventing him from growing a one-half inch beard.

punish him for growing a one-fourth inch beard (Doc. No. 118).  Defendants filed responses in

opposition to both these Motions (Doc. Nos. 124-125).

II.      **Eighth Circuit Directives**

    **A.      Plaintiff's entitlement to relief**

        In his Amended Complaint (Doc. No. 7), Plaintiff alleged that the VSM grooming policy,

which prohibited inmates from wearing facial hair other than mustaches, violated his sincerely-held

religious belief against shaving. (Doc. No. 7, p. 7.)  He stated he has continuously worn a beard not

exceeding one-fourth of an inch in length since August, 2011, but received numerous disciplinary

charges pursuant to the grooming policy.  (Id., pp. 7-8.)  His punishments included: confinement to

punitive segregation; loss of class status, visitation, telephone, commissary, and some mail

privileges; and perpetual assignment to the VSM eighteen-month behavioral modification program,

since he continued to be disciplined for refusing to shave.  (Id., p. 8.)  Plaintiff stated that the

threatened disciplinary charges substantially burdened his religious exercise because he sincerely

believes he is at a "high risk of eternal damnation" if he shaves, but feels "tremendous physical and

psychological pressure" to shave and disregard his religious beliefs.  (Id., pp. 7, 9.)  Because other

inmates who suffer from skin conditions are permitted to wear one-fourth inch beards as an

exception to the rule, Plaintiff stated Defendants could not support their claim that the policy was

the least restrictive means of furthering a compelling governmental interest in security.  (Id., p. 10.)

Defendant Ray Hobbs is the former Director of the ADC, and the remaining Defendants are

members of the Arkansas Board of Correction, who, according to Plaintiff, exercise policy-making

and supervisory authority which resulted in his religious discrimination and punishment.  (Id., p. 14.)

        In addition to seeking modification of the policy, Plaintiff asked the Court to expunge his

disciplinary convictions from his record. (Id., p. 16)  In a Motion to Amend filed June 5, 2013, Plaintiff asked to add injunctive relief claims requiring Defendants to give him credit for each promotion he was denied in the behavior modification program due to his failure to comply with the grooming policy (Doc. No. 58).[2]

The ADC/VSM grooming policy in effect at the time of the filing of this lawsuit was VU 12.4.0, and provided that "[n]o inmates will be permitted to wear facial hair other than a neatly trimmed mustache that does not extend beyond the corner of the mouth or over the lip.  Medical staff may prescribe that inmate (sic) with diagnosed dermatological problem may wear facial hair no longer than one quarter of an inch."  (Doc. No. 48-5, pp 1-2.) Following the Supreme Court's decision in Holt, that the policy substantially burdened Holt's exercise of religion by not permitting him to wear a one-half inch beard, the ADC enacted Administrative Directive (AD) 15-04.  The new policy continues to require that inmates' hair be above the ear and no longer in the back than the middle of the nape of the neck, and that inmates can not wear facial hair other than a neatly trimmed mustache. (Doc. No. 113-1) The policy permits an exception for inmates prescribed with dermatological issues, to be shaved by clippers instead of razors.  (Id., p. 2)  The policy also provides the following exception for inmates asserting sincerely held religious beliefs:

> I.      If the grooming restrictions established by this policy substantially burden an inmate's sincerely held religious belief, the inmate may seek an appropriate exemption by applying for a religious accommodation; however, inmates with escape histories or histories of smuggling or concealing contraband in his/her hair or facial hair may be denied an accommodation.  Even if the inmate's belief is sincere, an accommodation may be withdrawn if the inmate abuses the exemption or fails to comply with the Department's request to document changes in appearance.

> J.      During intake, inmates with a sincere religious belief may request an

---

[2]This is the Motion the Eighth Circuit asked this Court to resolve.

accommodation regarding hair length and if granted, will not be required to cut their hair during the intake process; however, two photographs will be taken and one will be with the hair completely away from the face.

K.      During intake, inmates with a sincere religious belief may request an accommodation regarding facial hair; however, the inmate will be required to take a picture prior to shaving and to take a picture after shaving.  After the inmate has completed intake, the accommodation may continue; however, the inmate will be required to have a clean-shaven updated photograph in the event the inmate's appearance changes significantly due to age, weight gain/loss, or a natural change in facial hair pattern.

(Id.)

Plaintiff claims in his brief that his request for a religious accommodation, to be entitled to wear a one-fourth inch beard, was denied based on his past history of attempted escape.  (Doc. No. 115, p. 50)  He also claims ADC officials continue to threaten him with possible disciplinary sanctions if he fails to abide by the no-shave grooming policy.[3]

Defendants respond in their brief that this case is distinguishable from the situation in Holt, because Plaintiff attempted escape on five occasions between 1989-2007.  In light of these attempts, their concern that Plaintiff could use identification-altering methods "is more than a notion."  (Doc. No. 113, p. 8) Defendants rely on Holt, where the court stated that "courts should not blind themselves to the fact that the analysis is conducted in the prison setting...if an institution suspects that an inmate is using religious activity to cloak illicit conduct, 'prison officials may appropriately question whether a prisoner's religiosity asserted as the basis for a requested accommodation, is authentic.'" 135 S.Ct. at 866-867 (quoting Cutter v. Wilkinson, 544 U.S. 709, 725, n. 13 (2005)). Finally, "an institution might be entitled to withdraw an accommodation if the claimant abuses the

_____

[3]In his proposed Second Amended Complaint, Plaintiff concedes that while Defendants continue to threaten him with disciplinary action, he has not actually received disciplinary charges.  (Doc. No. 117-1, pp. 9-10)

exemption in a manner that undermines the prison's compelling interests." Holt, 135 S.Ct. at 867.

In Holt, the Supreme Court found that the ADC policy substantially burdened inmate Holt's ability to practice his religion, where he claimed his faith required him not to trim his beard, but he proposed a compromise of maintaining a beard one-half inch in length.  135 S.Ct. at 859, 863.  The court also found that the ADC policy was not the least restrictive means of preventing the smuggling of contraband or preventing inmates from disguising their identities. Id. at 864-5. The court noted that the ADC does not require shaved heads or short crew cuts, and found it hard to imagine how contraband could be hidden in a one-half inch beard, as opposed to a head of hair.  Id. at 864.  The court also found that the ADC could search beards by requiring inmates to run a comb through their beards, and could solve the identity issue by requiring inmates be photographed with and without beards. Id. at 864-5.  In addition, the ADC failed to demonstrate why an accommodation for religious reasons posed a greater risk than their present accommodation of one-fourth inch beards for dermatological conditions. Id. at 865.

In this case, Plaintiff Jones wants to grow a one-fourth inch beard, as part of his sincerely-held religious belief against shaving.[4]  If the Supreme Court held that the ADC grooming policy was not the least restrictive means of satisfying its security concerns with respect to a one-half inch beard in Holt, then clearly, a one-fourth inch beard in this case poses even less of a problem.  While it is a concern that Plaintiff is an escape risk, Defendants do not show why the use of photographs and searches are lesser-restrictive measures in this case.  Therefore, pursuant to Holt, the Court finds that Plaintiff should be entitled to injunctive relief in the form of a religious exemption to grow a one-fourth inch beard .

_____

[4]Defendants have not questioned the sincerity of Plaintiff's religious beliefs.

**B.       Plaintiff's Request to Amend Injunctive Relief Request**

Plaintiff asks the Court to allow him to amend his request for relief to include credit for each promotion he was denied in the VSM Behavior Modification Program. He claims that his fear of receiving disciplinary charges for failure to abide by the grooming policy compelled him not to attend the periodic classification reviews which would have permitted progression through the program. Defendants object, stating that Plaintiff is not entitled to past relief and that the PLRA permits narrowly-drawn prospective relief only. They also state that Plaintiff does not provide any proof that he will be unable to promote within the program in the future.

The Court finds that Plaintiff's request to amend should be denied. Plaintiff does not allege that his promotions were denied because he refused to shave. Rather, he admits that he failed to attend the regularly-scheduled classification hearings. The fact that his fear of receiving a disciplinary charge motivated him not to attend, is not compelling to the court. Therefore, his request to amend should be denied.

**C.       Plaintiff's Request for Expungement of Disciplinary History**

Plaintiff asks the Court to grant him injunctive relief in the form of expungement of his disciplinary record, from August 29, 2011, through April 1, 2013. He claims he did not lose class status or good time credits and that the disciplinary charges did not lengthen the duration of his sentence. He asks for this relief, conceding that he is now a Class I, and that expungement would not necessarily provide him with a promotion in class.

Defendants object, claiming that because Plaintiff lost both class and good time credits, expungement of the disciplinary convictions would necessarily imply the invalidity of his sentence, which is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641

8

(1997).  In addition, they state that such relief is not considered prospective injunctive relief.

The parties dispute whether Plaintiff lost good time credits when convicted of the numerous disciplinary violations.  Plaintiff denies that he lost good time, yet in his proposed Second Amended Complaint, he alleges that he lost class and good time credits as a result of his disciplinary convictions (Doc. No. 117-1, p. 8).  In addition, his status assignment sheets reflect "GT Class Reduction" as a result of disciplinary penalties received on September 6, 2011, October 13, 2011, December 30, 2011, January 6, 2011, and February 14, 2012. (Doc. No. 49-1, pp. 2-3) (These sheets do not provide information from February 22, 2012-April 1, 2013, the dates covering the disciplinary convictions at issue.)  Therefore, to the extent that Plaintiff lost good time, his requested relief is not permissible pursuant to Heck and Balisok, despite the fact that he does not seek restoration of the good time credits or monetary relief.  See Balisok, 520 U.S. at 644.  The Court in Balisok noted that the *prospective* injunctive relief sought may not necessarily imply the invalidity of the previous loss of good time credits and could be pursued in a § 1983 claim.  However, the prospective relief sought in Balisok was an injunction to prevent future violations.  In this case, however, the relief sought by Plaintiff should be characterized as "retroactive" relief, in the form of expungement.  "An expungement is retroactive injunctive relief because it does not prevent a continuing or ongoing violation of federal law – it simply changes the effect of an event that happened in the past."  McGee v. Feneis, No. 07-cv-4868 (PJS/FLN), 2009 WL 2928245 *4 (D.Minn. 2009), citing Green v. Mansour, 474 U.S. 64, 68 (1985).  In this particular case, Plaintiff admits that the past disciplinary convictions have not affected his record, and the Court finds that expungement would not prevent a continuing or ongoing violation of federal law.  Therefore, the Court finds that he seeks retroactive relief which was not envisioned in Heck and Balisok.

9

## III.    Motion to Amend

Plaintiff asks to file a Second Amended Complaint in which he clarifies his request for injunctive relief (which the Court discussed above) and reinstates his First Amendment claims for damages.   He states that he seeks reinstatement of the previously-dismissed claim because Defendant Ray Hobbs presented "perjurious" testimony during the hearing on Defendants' summary judgment motion, held on August 28, 2013 (Doc. No. 117, p. 3).   According to Plaintiff, this testimony proves that Defendants deliberately violated his First Amendment right to wear a one-fourth inch beard.  In support, Plaintiff provides a letter submitted by the Arkansas Attorney General to the Supreme Court with respect to evidence presented in briefs in the Holt case (Doc. No. 117, p. 6).  According to the letter, testimony given by Defendant Hobbs in this case (and included in Holt briefing), that an inmate named Steven Oldham had concealed a razor in his beard, was erroneous.  (Id.)  This information was further clarified in a letter from attorney Douglas Laycock to Plaintiff, stating that Hobbs incorrectly testified in this case that an unnamed inmate (later identified as Oldham) had committed suicide with a razor blade he concealed in a beard.  (Doc. No. 117, p. 8).  Instead, inmate Oldham committed suicide using a orange Bic razor which was issued by the prison.  (Id.)  Laycock added that "[p]erhaps Director Hobbs knew that his testimony was false.  More likely, he had been misinformed by subordinates and he had not bothered to check his facts before testifying.  We have no way to know his state of mind."  (Id.)

Defendants object to the Second Amended Complaint, on numerous grounds.  (Doc. No. 124) First, they note the age of this case, the fact that Plaintiff moved to dismiss the damages claims over two years ago, and that the parties have completed discovery and filed summary judgment motions.  Next, they state that the alleged untruthful testimony of Defendant Hobbs does not provide

support for Plaintiff's argument that Defendants lied and gave fabricated reasons for denying his request for a beard. Defendants note that Plaintiff has been aware of the alleged untruthful testimony for more than a year, yet did not previously seek to amend on that basis. In addition, even the inaccuracy of Hobbs' testimony does not negate the prison's justifications as applied to Plaintiff, especially in light of his past disciplinary history for escape and attempted escapes. Finally, Defendants state Plaintiff does not present any newly-discovered evidence that would overcome the undue delay and prejudice the amendment would cause in this case.

"A decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). "Proper justification for denying such a motion includes: 'undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

In Vitale v. Aetna Cas. & Sur. Co., the appellate court found no abuse of discretion when the district court denied a motion to amend which was filed less than two months before trial, and which may have required additional discovery on new factual allegations. 814 F.2d 1242, 1252 (8th Cir. 1987). In this particular case, the Court notes that Plaintiff filed his complaint over three years ago, that summary judgment motions were filed, and the case was appealed and remanded. This Court's ruling on the issues set forth by the Eighth Circuit on remand (as discussed above) should resolve the sole remaining RLUIPA claim. While the Court is unclear whether additional discovery will be needed if the motion is granted, the Court is not convinced that the reason for Plaintiff's amendment justifies his late filing. Even though Hobbs gave an example that proved to be inaccurate,

Defendants have maintained throughout this litigation and the <u>Holt</u> litigation that the underlying reasons for the prior grooming policy were based on a need to ensure security and to prevent inmates from changing their identities.  The Court does not find that this one inaccurate reference renders their arguments baseless.  Therefore, the Court finds that Plaintiff's Motion to Amend should be denied.

**IV.      Motion for Preliminary Injunctive Relief**

Given the Court's finding, above, that Plaintiff is entitled to relief pursuant to the ruling in <u>Holt</u>, the Court finds that this Motion is now moot.

**V.      Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff Jones prevail on his RLUIPA Complaint against Defendants with respect to his request for a religious exemption to the ADC grooming policy, and that Plaintiff be entitled to wear a one-fourth inch beard.

2.      Plaintiff's request to amend his injunctive relief (Doc. No. 58) be DENIED.

3.      Plaintiff's request for expungement of his disciplinary history be DENIED.

4.      Plaintiff's Motion to file a Second Amended Complaint (Doc. No. 117) be DENIED.

5.      Plaintiff's Motion for Preliminary Injunction (Doc. No. 118) be DENIED as moot.

IT IS SO RECOMMENDED this 20th day of October, 2015.

_____

     JEROME T. KEARNEY
     UNITED STATES MAGISTRATE JUDGE